# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | CR416-172 |
| DEONNA J. STEVENSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Deonna J. Stevenson was arrested on Fort Stewart Military Reservation for possession of marijuana. *See* doc. 1 at 1. She was sentenced to a year of probation and fined, and she successfully complied. Docs. 6 & 7. Now, Stevenson asks the Court to expunge her record, given that she has "completed probations with no violations." Doc. 8. The Government has filed no opposition.

Though Stevenson's successful completion of her probation and repayment of her fine is to be commended:

> It has been recognized that "[t]here is no specific constitutional or general statutory right to expungement." *United States v. Carson*, 366 F.Supp.2d 1151, 1154 (M.D. Fla. 2004), citing, *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699-700 (5th Cir. 1997), *cert. denied*, 523 U.S. 1077 (1998). To the extent the district courts have authority to grant expungement, "the Court's privilege to expunge

matters of public record is one of exceedingly narrow scope." *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). Except in cases of juveniles, the Court is unaware of a court approving the expungement of an adult conviction which was not either set aside or found to be the result of government misconduct. This is so despite the adverse consequences which result from the continued existence of a conviction appearing on the public record. Such consequences do not rise to the level of *extreme circumstances* which will justify expungement of a criminal conviction. *See United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977), *cert. denied*, 425 U.S. 907 (1978). As the court in *Rogers* stated, "[t]he judicial editing of history is likely to produce a greater harm than [that] sought to [be] corrected." *Rogers*, 469 F.2d at 1085.

*United States v. Goodrich*, 2008 WL 398950 at * 1 (S.D. Fla. Feb. 12, 2008) (emphasis added, footnotes omitted), *quoted in Johnson v. Goodrich*, 2012 WL 5931673 at *1 (S.D. Ga. Nov. 26, 2012) & *United States v. McCullough*, 2017 WL 78577 at *2 (S.D. Ga. Jan. 9, 2017).

"Extreme circumstances" refers to scenarios like:

[1] when mass arrests render judicial determination of probable cause impossible . . . [2] when a court determines that the sole purpose of the arrest was to harass the defendant . . . [3] where the police misused the police records to the detriment of the defendant . . . [4] where the arrest was proper but was based upon a statute later declared unconstitutional . . . [5] when the expungement of criminal records is necessary to preserve basic legal rights.

*United States v. Woods*, 2013 WL 3189081 at * 2 (S.D. Fla. June 20, 2013) (footnote added).

Stevenson admits she possessed a controlled substance on federal

property and is now suffering the consequences of getting caught. She does not say why she seeks expungement of her criminal record (*see* doc. 8), but the Court can imagine any number of real-world consequences that may flow from having a record even after completing the terms of her probation. Though any adverse consequences to her life and aspirations resulting from her federal arrest and probation record are unfortunate, she has not even hinted at any "extreme circumstances" warranting expungement in this case.[1] *See Flowers*, 389 F.3d at 740 (district court abused its expunction discretion where the movant only "fear[ed] that if her records in this matter are not expunged, it will seriously limit her ability to find employment in her field."); *United States*

---

[1] The civil rights struggle in Selma, Alabama provides the prototypical example of such a circumstance. In 1963, local law enforcement arrested black voters as part of a campaign to limit their franchise. *See United States v. McLeod*, 385 F.2d 734, 738 (5th Cir. 1967). Years later, the federal government asked a district court to, among other things, expunge the records of those arrested. *Id.* The Fifth Circuit ultimately complied, stating that "[i]n order to grant full relief in this case, we must see that as far as possible the persons who were arrested and prosecuted . . . are placed in the position in which they would have stood had the county not acted unlawfully." *Id.* at 749.

Stevenson has not set forth any circumstances supporting her request for expunction, much less circumstances approaching Selma. *See, e.g., United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004) ("It is possible, even likely, that any person with an arrest or conviction record may well be impeded in finding employment. . . . [I]f employment problems resulting from a criminal record were sufficient to outweigh the government's interest in maintaining criminal records, expunction would no longer be the narrow, extraordinary exception, but a generally available remedy.").

v. *Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977) (a rabbinical student's fear that he would be "asked to explain the circumstances surrounding his arrest" in his job hunt was "not harsh or unique" because "an explanation may be expected from those about to enter a profession [and] the harm, if any, which may result does not fall within the narrow bounds of the class of cases where expungement has been declared appropriate."). Her motion for expungement (doc. 8) is therefore **DENIED**.

**SO ORDERED,** this  12th  day of February, 2019.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA